IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr274-MHT |
| | ) | (WO) |
| URIEL MANJARAS-VAZQUEZ | ) | |

OPINION AND ORDER

This case is before the court on an unopposed motion to continue filed by defendant Uriel Manjaras-Vazquez. For the reasons set forth below, the court finds that trial for this present action, now set for December 3, 2018, should be continued pursuant to 18 U.S.C. § 3161(h) to February 4, 2019.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to . . . result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Manjaras-Vazquez in a speedy trial. Manjaras-Vazquez has a pending motion to

suppress; the United States Magistrate Judge heard a hearing on the motion on September 6, 2018. Manjaras-Vazquez's counsel is scheduled to be out of the state on November 8-9 and 21-26. Consequently, his counsel will have little time, if any, to confer with him regarding the resolution of the suppression motion and trial. Furthermore, Manjarez-Vazquez contends that the suppression motion will not be resolved quickly enough to allow the parties to reach a negotiated agreement based on the outcome before the December 3 trial.

In light of the pending suppression motion and Manjaras-Vazquez's counsel's scheduled travel out of state, the court concludes that a continuance is warranted to enable Manjaras-Vazquez to prepare effectively for trial or a negotiated agreement.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Uriel Manjaras-Vazquez's motion to continue (doc. no. 44) is granted.

(2) The jury selection and trial for defendant Manjaras-Vazquez, now set for December 3, 2018, are reset for February 4, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 6th day of November, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**